IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB RAY RIVERA | : CIVIL ACTION |
| v. | : |
| EDWARD SWEENEY, et al. | : No. 12-5049 |

**ORDER - MEMORANDUM**

AND NOW, this 13th day of June, 2013, "Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (doc. no. 10) is granted, and plaintiff's complaint is dismissed.

This is a prisoner civil rights action. Jurisdiction is federal question. 28 U.S.C. § 1331. According to the complaint, plaintiff Jacob Jay Rivera, then incarcerated at Lehigh County Prison, was "accosted" on May 14, 2012 by three fellow inmates at breakfast, and later on informed two prison guards that inmates were "trying to extort" him. Thereafter that same day, he was assaulted twice by eight inmates – though not the same ones as those involved in the morning incident. Complaint, Statement of Claim, Section V. A grievance he filed was denied. Complaint, Administrative Remedies, Section IV. The guards' failure to protect plaintiff and failure to punish those inmates involved in the assault are alleged to constitute violations of plaintiff's Eighth Amendment rights. Defendants[1] move to dismiss the complaint.[2]

---

[1] Defendants are all Lehigh County Prison personnel: Edward Sweeney, Director of Corrections; Cindy Egizio, Assistant Director; Dale Meisel, Warden; James Bloom, Deputy Warden of Security; Janine Donate, Deputy Warden of Treatment; Cliff Knappenberger, Internal Affairs; Robert McFadden, Captain; Steve Miller, Treatment Supervisor; Officer James Dech; Officer Stephen Dachisen; Seargent Daniel Rodriguez; Officer Brandie Marr; Officer Keith Kowal; and Officer Arlen Shaffer.

[2] Deciding a 12(b)(6) motion requires the following two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the

Section 1983 is not a source of substantive rights. It provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citations omitted). The Eighth Amendment protects prison inmates from the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In furtherance of the Eighth Amendment, prison officials must take reasonable steps "to protect prisoners from violence at the hands of other prisoners." *Cortes-Quinones v. Himenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988). To establish a failure-to-protect claim, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Allegations must include that the conditions are "objectively sufficiently serious," *id.* at 834, and that the defendant prison official acted with "deliberate indifference." Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Moreover, "an officer's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.*

The complaint states that plaintiff informed Officer Dech that inmates Vazquez, Kaya and Flako had tried to "extort" him (what is meant by "extort" is not explained in

---

      plaintiff has a "plausible claim for relief." In other words, a complaint must do more than alleged the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint fails to state a viable claim. *Id.*, at 211, citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Plaintiff is *pro se*, and the allegations in the complaint must, therefore, be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, he must still satisfy the *Twombly* plausibility standard. *Capograsso v. Rabner*, 599 F.3d 180, 184-85 (3d Cir. 2009).

the complaint). Since there is no allegation that plaintiff requested protection from or was afraid of these inmates, it appears that no facts were available to enable Officer Dech to infer that plaintiff was at risk of serious harm. The harm to plaintiff later in the day was inflicted by other inmates. There is no allegation in the complaint that plaintiff informed Officer Dech of the potential risk of harm from these other persons. Consequently, Officer Dech cannot be said to have been deliberately indifferent to a serious risk of harm to plaintiff, and plaintiff's claims against him must be dismissed.

As to the other defendants, the complaint does not include any factual allegations concerning certain defendants, and, therefore, all claims against them must be dismissed. Defendants Meisel, Egizio, Miller, and Donate are alleged to have performed the initial grievance review only. This was done after the May 14, 2012 assaults, and did not contribute to any deprivation of plaintiff's rights arising from those incidents. Moreover, it is not alleged that the conduct of the grievance itself caused any deprivation of plaintiff's rights. Therefore, all claims against these individuals must also be dismissed.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.